## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

BEGOLL AZIZI,

        Petitioner,

v.                                                                                    Case No. 10-CV-317

JUDY P. SMITH,

        Respondent.

_____

## ORDER

On April 14, 2010, petitioner Begoll Azizi filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On March 2, 2005, Azizi entered a plea of "guilty" to a charge of Battery[2] in violation of Wis. Stat. 940.19(1). On March 13, 2005, the Milwaukee County Circuit Court sentenced Azizi to 9 months in the House of Corrections, consecutive to any other sentence. Previously, Azizi had been convicted of Operating while Intoxicated (5th+ offense)[3] in violation of Wis. Stat. 346.63(1)(a), for which he was sentenced to 48 months (18 months confinement, 30 months of extended supervision), consecutive to any other sentence. On March 17, 2008, Azizi's extended supervision was revoked, and he was re-confined on the

---

[1] Azizi's petition for a writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2254 rather than § 2241 because Azizi is a state prisoner in custody pursuant to a state court judgment. A state prisoner in custody pursuant to a judgment of a state court must proceed under § 2254, even if his claim does not stem from the underlying conviction or sentence that brought him there. *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir.2000)

[2] Milwaukee County Circuit Court Case 2002CM9516.

[3] Milwaukee County Circuit Court Case 2003CF1006.

Operating while Intoxicated conviction for 30 months. Azizi is currently confined to the Oshkosh Correctional Institution in Oshkosh, Wisconsin. Azizi claims that as part of his Battery conviction, he earned 90 days of good time credit, but that he is being deprived of that credit because he is serving his sentence in a state prison (in which good time credit is not recognized) rather than in a county jail.[4]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Azizi's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C.

---

[4] The court notes from the outset that the dates in this case appear not to make any sense. All indications are that Azizi has already served the sentence from which he is now seeking relief. However, there is no readily available means by which this court can definitively make such a determination. Therefore, in order to prevent Azizi's petition from further draining this court's resources, the court will dismiss the petition for the issues on which the facts are clear.

§ 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it is unclear if Azizi's petition is timely. He is not challenging his conviction; he is challenging the manner in which his sentence is being implemented. Accordingly, the court makes no finding as to the timeliness of his petition.

The court continues its Rule 4 review by examining Azizi's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he

presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that the claims in Azizi's petition are not exhausted. Azizi twice presented his claims to the Milwaukee County Circuit Court (which ruled on such claims on June 20, 2006, and on October 23, 2006). However, it appears that he never presented his claims to the Wisconsin Court of Appeals, nor to the Wisconsin Supreme Court. Indeed, Azizi admits in his petition that he did not exhaust his claims. Typically, the court would not dismiss a petition that appeared to lack exhaustion, but instead would allow the petitioner an additional opportunity to supplement his petition in order to demonstrate exhaustion. Such course of action is unnecessary in the instant case, as Azizi concedes that his claims are not exhausted.

Additionally, and completely separately, the court finds that Azizi's petition should be dismissed because, even if his factual allegations are accepted as true, they nonetheless "fail to show that [he] is being held in custody in violation of the Constitution or laws of the United States." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

-4-

Case 2:10-cv-00317-JPS    Filed 06/14/10    Page 4 of 9    Document 4

presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that the claims in Azizi's petition are not exhausted. Azizi twice presented his claims to the Milwaukee County Circuit Court (which ruled on such claims on June 20, 2006, and on October 23, 2006). However, it appears that he never presented his claims to the Wisconsin Court of Appeals, nor to the Wisconsin Supreme Court. Indeed, Azizi admits in his petition that he did not exhaust his claims. Typically, the court would not dismiss a petition that appeared to lack exhaustion, but instead would allow the petitioner an additional opportunity to supplement his petition in order to demonstrate exhaustion. Such course of action is unnecessary in the instant case, as Azizi concedes that his claims are not exhausted.

Additionally, and completely separately, the court finds that Azizi's petition should be dismissed because, even if his factual allegations are accepted as true, they nonetheless "fail to show that [he] is being held in custody in violation of the Constitution or laws of the United States." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Azizi's claimed grounds for relief are as follows. Ground one is that the Wisconsin Department of Corrections ("WDOC") is requiring him to serve his statutorily granted good time credit, which he earned under Wis. Stat. § 302.43. Ground two is that the WDOC violated his Fourteenth Amendment Due Process rights by failing to hold a hearing before depriving him of his good time credit. Ground three is that he did not receive a bifurcated sentence. Ground four is that he completed his mandatory release incarceration portion of his sentence without forfeiture of his good time credit.

Grounds one, three, and four, to the extent that they raise any claims at all, assert claims that Azizi is being held in violation of Wisconsin law, not that he is being held in violation of the Constitution or laws of the United States. Only ground two implicates a cognizable federal habeas claim.

The essence of the Azizi's due process claim is that the WDOC, by requiring to him to serve his consecutive sentences in state prison (where he is not eligible for good time credit), deprived him of the good time credit to which he feels he was entitled on his sentence for Battery, since his Battery conviction was a misdemeanor, and thus would have typically resulted in confinement in a county jail. To state a due process claim, Azizi must allege that the WDOC deprived him of a protected liberty interest without due process of law.

Good time credit is created by state statute, and thus inmates do have a protected liberty interest in retention of earned good time credit. *See Santiago v.*

*Ware*, 556 N.W.2d 356, 364 (Wis. App. 1996) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Thus, the question is whether Azizi has sufficiently stated a claim that he was deprived of his good time credit without due process of law.

Due process of law requires that "when the government deprives an individual of a protected liberty interest, that the individual must be afforded not only adequate notice but also a reasonable opportunity to be heard." *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 617 (7th Cir. 2002). Adequate opportunity to be heard is afforded when the individual has the opportunity to present his reasons, either in person or in writing. *U.S. v. Wilson*, 159 F.3d 280, 290 (7th Cir. 1998) (quoting *Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). Additionally, due process is "not a technical conception with a fixed content unrelated to time, place and circumstances," *Cafeteria & Restaurant Workers Union v. McElroy*, 367 U.S. 886, 895 (1961), rather it "is flexible, requiring different procedural protections depending upon the situation at hand." *Camelot Care Centers*, 305 F.3d at 618.

In the instant case, according to the facts alleged by Azizi, the WDOC did not provide him a hearing prior to placing him in a state prison, thus, according to Azizi, depriving him of his good time credit. However, it is beyond dispute that Azizi was able to present his arguments to the Milwaukee County Circuit Court. Indeed, the court considered his arguments two separate times, rendering decisions on June 20, 2006, and October 23, 2006. Though he was not afforded a hearing before being placed in state prison, he was afforded a hearing before having to serve his good

time credit. Thus, the facts show that, prior to the alleged deprivation of his protected liberty interest in his good time credit, Azizi was afforded notice and the opportunity to be heard, in writing, as to the reason why he should not be deprived of said liberty interests. He clearly was not pleased with the outcome. However, the Fourteenth Amendment guarantees adequate process, not a desired outcome. In the instant case, the process was timely and adequate. Accordingly, even if the court accepts all of Azizi's assertions as true, he still has not stated a claim for a violation of the Fourteenth Amendment.

Only one of Azizi's claims even raises a cognizable federal habeas claim. However, that claim fails on its face. Independently, but also sufficiently, Azizi has failed to exhaust his claims in state court, thus also requiring dismissal of his petition. For each or either of these reasons, the court is obliged to deny Azizi's petition and dismiss this action.

Under the recently amended Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court is to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id. As the court is now entering a final order adverse to Azizi, the court will additionally rule on the issue of a certificate of appealability.

Before a § 2254 petitioner may take an appeal to the Seventh Circuit, the district court must consider whether to grant the petitioner a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The

COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If the court issues a COA, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3).

In the instant case, the court has two independent reasons for denying the petitioner's claim. Azizi himself admits that the claims were not exhausted, thus dismissal is required. Additionally, a review of the claims demonstrates that only one of the claims even raises an issue appropriate for federal habeas relief, however, that claim clearly fails based on the undisputed facts in the record.

Accordingly,

**IT IS ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that petitioner be and the same is hereby **DENIED** a Certificate of Appealability; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**;

The Clerk of the Court is directed to enter Judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2010.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge